The opinion of the court was delivered by
Gibson, C. J.
The vesting of the legal title in Isaac; Wentz, was so palpably the effect of mismanagement in making partition among the sisters, and not of an original purpose to convey to him, that a Chancellor would not have hesitated to compel him to convey to his wife. The deeds seem to have been prepared and executed under a common error, in believing him to be entitled to her land, as well as her chattels; and the case is, consequently, one which equity would have instantly set right. Perhaps it would be found, that, as nothing moved from him, there was no consideration to raise a use to him by bargain and sale; and that he had not the estate even at law. But, in the one or the other of these aspects, the proceeds of it belonged to the creditors of the wife, when they were brought into court; and it is to be seen whether they passed by an adjudication adverse to her title, when they were taken out.
It is not disputed, that, as to every thing adjudicated, a decree of distribution concludes the rights of all who were parties to it, either immediately or by representation. If, then, it be considered that the money was decreed to the son, as the administrator of his father, and not of his mother; the decree must be held adverse to the mother’s créditors, and conclude their rights; but if it be considered as dec'rééd to him, without discrimination of character, the law will refer the receipt of it to that character, in which alone it could, without a special decree, be legally received. Now, though an administrator may not be allowed to handle the proceeds of land in court; in order to pay it over to the lien creditors, whose recourse to the fund is immediate, he may undoubtedly demand for the gén'éfal creditors, wdiere there are any, whatever remains after satisfactión.of the liens, in order to bring it into a course of administration. Unless, then, the fund was explicitly awarded to the son, as the administrator of the father exclusively, we must say, that no more was adjudicated against the interests of the "plaintiff in the present action, than that she was not entitled by virtue of her judgment as a lien; that she was put upon the footing, of a creditor whose debt had survived its lien, and whose right to receive, is to be postponed to that of the representative of her fellow creditors, with whom she is to come in pari passu. Nor are the consequences different, though she be the only remaining creditor ; for her lien being put aside, the money goes into a course of administration on general principles, and she can receive payment but at his hands. "Such may not have been the intended principle *212 of the decree, but such is its legal effect. On the maxim, then, that co-existent rights, in the same individual, are to be treated as if they existed separately, in different individuals, the question is, how far does the decree of distribution purport to distinguish between the representative of the husband, and the representative of the wife 1 The money being in court, the son in whom both characters were united, but not blended, procured a rule to show cause why the “ administrator, &c., as aforesaid,” should not have leave to take it out. These words “ administrator, &c., as aforesaid,” palpably refer to the title of the levari facias, on which the money was made; in the record of which the rule was entered, and in which he is named a defendant,as the administrator,respectively, of both his father and his mother. It is true that it is stated in the body of the case, that he was adjudged to be entitled as the administrator of his father, which, taking it to be conclusively established by the agreement, would carry the cause against the plaintiff. But in the record, which is a part of the case by express reference, no more appears than that the rule was simply made absolute; and, consequently, that the money was ordered to him without distinction of character. That fact being established, the result is, that the fund, though actually distributed among the children of his father, potentially remains in his hands, for his mother’s creditors; and that the plaintiff, being the only creditor, is entitled to have execution for the principal and interest of her judgment.
Judgment of the court below reversed, and judgment for the plaintiff, according to the terms of the case.